UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY M. MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE CAPITAL SERVICES, LLC d/b/a STRUCTURED SETTLEMENT, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.1:22-cv-00622 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes ASHLEY M. MARTINEZ ("Plaintiff"), by and through the undersigned, complaining as to the conduct of NATIONWIDE CAPITAL SERVICCES, LLC d/b/a STRUCTURED SETTLEMENT ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion the events or omissions giving rise to the claims occurred within, the Southern District of Indiana.

### PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Indianapolis, Indiana, which lies within the Southern District of Indiana.

5. Defendant is a third party debt collector and debt purchaser who routinely purchases consumer debts for pennies on the dollar and subsequently attempts to collect upon those purchased debts. Defendant is a corporation organized under the laws of the state of Nevada with its principal place of business located at 4300 East Sunset Road, Suite D1, Henderson, Nevada.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action stems from Defendant's attempt to collect upon a personal debt ("subject debt") Plaintiff purportedly incurred through American Web Loan ("AWL") some time ago.

9. The subject debt was a personal installment loan Plaintiff used for her personal purposes.

10. Upon information and belief, after Plaintiff's purported default on the subject debt, it was accelerated and charged off by AWL who eventually sold the debt to Defendant.

11. On or about February 17, 2022, Defendant sent or caused to be sent to Plaintiff a collection letter attempting to collect upon the subject debt.

12. The collection letter advised that the balance of the subject debt totaled $2,313.47.

13. The collection letter further offered a payment plan to resolve the subject debt, with $913.47 being due on or before 2/25, and $200 being due each month thereafter, until the balance was paid in full.

14. After outlining this offer, the collection letter advises "If you fail to comply with the above terms this office will, without further notice, declare the entire balance due and proceed accordingly."

15. However, the entire balance was already being declared due, as it had been long-since accelerated, illustrating Defendant's deceptive suggestion that failure to accept the offered payment plan would result in some illusory action that had already occurred.

16. Defendant's deceptive language was designed to instill a sense of "take-it-or-leave-it" with regards to its offered payment plan; however, such suggestion, made by a debt collector who purchased the debt for pennies on the dollars, was inherently deceptive as, upon information and belief, Defendant would have accepted an amount substantially less than the overall balance given its status as a debt purchaser, and only sought collection for the full balance upon realizing it was dealing with a consumer who was actively trying to resolve the obligation.

17. Courts have fashioned safe harbor language for debt collectors to include when making time-sensitive resolution offers; however, Defendant's collection letter fails to provide that language.

18. Plaintiff agreed to make the payments as outlined in the collection letter and provided Defendant her payment information so that Defendant could withdraw the payments as needed.

19. However, Plaintiff's payment did not go through on February 25th, prompting Defendant to again communicate with Plaintiff, this time informing her that she had to pay the entire debt that same day in order to proceed.

20. Plaintiff was further informed that failure to remit the entire balance that same day would result in Defendant sending her information to an attorney who would file a lawsuit in state court; however, Plaintiff could not afford the full balance immediately.

21. Plaintiff was further told that such lawsuit *would* result in Defendant seeking a wage garnishment through her employer, in turn causing her employer to learn about her indebtedness.

22. Defendant's representative subsequently hung up on Plaintiff.

23. Plaintiff suffered significant distress and concern over Defendant's representations, as she had done everything she could to try and avail herself of the (deceptive) offer made in Defendant's letter, and was now being (improperly) threatened with litigation because Defendant could not properly process her payment information.

24. Plaintiff further was led to believe that she would next be hearing from an attorney.

25. However, after approximately an hour after Defendant hung up on Plaintiff, Defendant again contacted Plaintiff to try and get her to make payment.

26. During this call, Plaintiff was informed that certain third parties (e.g., her ex-spouse and relatives) have been contacted, and would be contacted, regarding this debt, and that Plaintiff's attitude and refusal to pay the full balance indicated a careless response to this matter which Plaintiff would ultimately regret.

27. Defendant's representative then hung up on Plaintiff.

28. After again being hung up on, Plaintiff realized that Defendant's threats of having already communicated with certain third parties were false and deceptive.

29. Plaintiff suffered emotional distress and extreme frustration as a result of Defendant's harassing, deceptive, misleading, and unfair collection conduct.

30. Defendant's course of conduct was designed to threaten and compel Plaintiff's payment on a debt under entirely false pretenses.

31. Frustrated, distressed, and concerned as a result of Defendant's conduct, Plaintiff spoke with the undersigned attorney regarding her rights, resulting in the expenditure of time and resources.

32. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to emotional distress, aggravation, invasion of privacy, lost time dealing with Defendant's conduct, material risk of harm to make payments on a debt under false pretenses, being subjected to improper threats of litigation, wage garnishment, and employment interference, and numerous violations of her federally protected interests to be free from harassing, abusive, and deceptive debt collection conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

33. Plaintiff repeats and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

35. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it is a business whose principal purpose is the collection of debts.

36. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

   a. **Violations of FDCPA §1692d**

37. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Defendant violated § 1692d through its harassing and oppressive treatment of Plaintiff after it failed to process her payment properly. Defendant engaged in a series of improper threats and informed Plaintiff of certain outcomes which it was prohibited from doing. Such threats were

designed to have the natural consequence of harassing Plaintiff into acquiescing to Defendant's payment demands.

### b. Violations of the FDCPA § 1692e

39. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

40. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages . . . ." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

41. Defendant violated §§ 1692e, e(2)(A), e(5) and e(10) through its false threats of intending to file a lawsuit against Plaintiff. Upon information and belief, this threat was not made with any intent to follow through, but instead to pressure Plaintiff into paying the balance in full lest she be subjected to this illusory lawsuit.

42. Defendant further violated §§ 1692e. e(2)(A), e(4), e(5), and e(10) through its threat to garnish Plaintiff's wages absent due process. Defendant lacked the lawful ability to make its affirmative threat of wage garnishment since Defendant did not have an underlying court judgment entered in connection with the subject debt, further illustrating the deceptive and misleading nature of its affirmative representation.

43. Relatedly, Defendant violated §§ 1692e, e(2)(A), e(5), and e(10) when it threatened to communicate with Plaintiff's employer regarding the inappropriately threatened wage garnishment. This threat of employer-communication was once again part of Defendant's overarching goal of deceptively harassing and abusing Plaintiff into submission. However, Defendant was precluded, under the FDCPA, from communicating with Plaintiff's employer regarding the subject debt.

44. Further, Defendant violated §§ 1692e, e(2)(A), e(5), and e(10) when it deceptively threatened to call third parties regarding the subject debt in Plaintiff did not agree to Defendant's demands. However, the FDCPA makes it unlawful for Defendant to communicate with the third parties in the manner Defendant represented it would, underscoring the false, deceptive, and misleading nature of Defendant's threats.

45. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it deceptively suggested that the subject debt had not already been accelerated, and that Defendant would accelerate the debt and "proceed accordingly." Defendant deceptively represented the status of the subject debt in this regard as part of its overarching efforts to deceptively pressure Plaintiff into making payments.

46. Additionally, Defendant violated §§ 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the payment plan referenced in its collection letter. As discussed above, Defendant's collection letter explicitly noted that the offer contained therein was time-sensitive. However, upon information and belief, Defendant's representation as to the time-sensitive nature of the offer was false, deceptive, and misleading, as Defendant, a debt purchaser who paid pennies on the dollar for the debt, would have accepted substantially less than the full balance, and only attempted to collect the full balance here because

Plaintiff had indicated her willingness to resolve the debt. Defendant's letter fails to include the relevant safe harbor

### c. Violations of FDCPA § 1692f

47. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

48. Defendant violated §§1692f when it unfairly threatened Plaintiff with a litany of consequences that could not come to pass.

WHEREFORE, Plaintiff, ASHLEY M. MARTINEZ, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 29, 2022                               Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                s/ Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                    Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff                               Counsel for Plaintiff
Admitted in the Southern District of Indiana        Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                            Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                              (331) 307-7648 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                            ecoleman@sulaimanlaw.com