UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ASHLEY MARTINEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00622-JRS-MJD |
| | ) |
| NATIONWIDE CAPITAL SERVICES, LLC | ) |
| d/b/a STRUCTURED SETTLEMENT, | ) |
| | ) |
| Defendant. | ) |

**Order on Motion for Default Judgment**

### I.     Introduction

This is a Fair Debt Collection Practices Act ("FDCPA") claim that Defendant Nationwide Capital Services failed to defend.

Now before the Court is Plaintiff's Motion for Default Judgment. (ECF No. 10.) The clerk having previously entered default against Nationwide, (ECF No. 9), Plaintiff Ashley Martinez seeks a judgment in her favor for statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), for reasonable costs and attorney fees of $3,685.40 under 15 U.S.C. § 1692k(a)(3), and for post-judgment interest.

### II.    Discretion on Default Judgment

Because neither statutory damages nor attorney fees is a sum certain, the Court considers this motion under Rule 55(b)(2). Fed. R. Civ. P. 55(b)(2). Under that rule,

> [t]he determination of whether to enter default judgment is a matter of the Court's discretion. *See O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993). In resolving the motion, this Court may consider factors including the amount of money potentially involved, whether material issues of fact or issues of substantial public

> importance are present, whether the default is largely technical, whether the plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt. *See* 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2685.

*Gaspardo v. Lighthouse Recovery Assocs. LLC*, No. 12-C-823, 2013 WL 1966931, at *1 (E.D. Wis. May 9, 2013).

Here, the sum at stake is small compared to most civil actions before this Court. The case concerns a debt collector dunning a private individual, not matters of deep factual complexity or great public import. The default is clearly established: Nationwide was properly served through its designated service-of-process agent and has nonetheless failed to defend. Therefore, the Court exercises its discretion to grant default judgment against Nationwide.

### III. Damages

The Court now turns to the issue of damages:

> While the well-pleaded allegations of the complaint with respect to liability are taken as true, the amount of damages must still be proved. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). The Court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *In re Catt*, 368 F.3d [789,] 793 [(7th Cir. 2004)]. However, in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404.

*Gaspardo*, 2013 WL 1966931, at *2. Here, Martinez requests statutory damages under the FDCPA and attorney fees as allowed therein. Both items are "capable of ascertainment" from the documentary evidence before the Court; no hearing is necessary.

A. Statutory Damages

The FDCPA provides for statutory damages of up to $1,000 for individual plaintiffs. 15 U.S.C. § 1692k(a)(2)(A). "The FDCPA does not require proof of actual damages as a precursor to the recovery of statutory damages." *Gaspardo*, 2013 WL 1966931, at *2 (quoting *Keele v. Wexler*, 149 F.3d 589, 593 (7th Cir. 1998)). In awarding statutory damages under § 1692k(a)(2)(A), the Court "shall consider . . . the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b).

Here, Martinez alleges that Nationwide "sent to Plaintiff a collection letter attempting to collect" a previously accelerated and written-off debt, (Pl. Compl. ¶ 11, ECF No. 1); that even after she agreed to pay Nationwide, it threatened to send "her information to an attorney who would file a lawsuit in state court," (*id.* ¶ 20); that Nationwide threatened a wage garnishment, (*id.* ¶ 21); and that Nationwide called her again after those threats to warn her that her "attitude and refusal to pay the full balance indicated a careless response to this matter which Plaintiff would ultimately regret," (*id.* ¶ 26). The Court, accepting those allegations as true, finds that Nationwide's noncompliance was egregious and persistent, thus warranting an award of the full $1,000 in statutory damages allowable under the FDCPA.

B. Attorney Fees

"Plaintiffs who prevail under the Fair Debt Collection Practices Act are entitled to an award of costs and reasonable attorney's fees." *Schlacher v. L. Offs. of Phillip*

*J. Rotche & Assocs., P.C.,* 574 F.3d 852, 856 (7th Cir. 2009) (citing 15 U.S.C. § 1692k(a)(3); *Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995)). There is "no precise formula" for determining reasonable fees, but the Court may begin by multiplying "the attorney's reasonable hourly rate" by "the number of hours reasonably expended," then adjusting if necessary. *Id.* The Court "must provide a clear and concise explanation for its award" that does not rely on impermissible "eyeball[ing]." *Id.*

Here, Martinez's counsel Nathan Volheim has provided an itemized billing of his fees and costs, (ECF No. 10-1), which he swears by affidavit to be accurate and reasonable, (ECF No. 10-2). Apparently Volheim spent 2.2 hours assessing the case, 2.5 hours drafting the Complaint, and 3.1 hours drafting motions for the entry of default and for default judgment. He bills his time at $375/hour. Furthermore, his paralegal spent 1.9 hours, at an hourly rate of $125/hour, in filing and summonsing. The Court sees that Volheim is a Chicago-area consumer rights attorney with roughly ten years' experience. The Court finds Volheim's rate reasonable and the hours spent on this matter commensurate with its relative simplicity. Nationwide has not challenged the reasonableness of the attorney fees requested. Therefore, the Court will award the reasonable attorney fees, as requested, under 15 U.S.C. § 1692k(a)(3).

The Court finds the itemized costs of $522.90, for filing the case, service of process, and mailing, to be reasonable and necessary. Those costs, too, are awarded under 15 U.S.C. § 1692k(a)(3).

C. Postjudgment Interest

Martinez requests postjudgment interest. Under 28 U.S.C. § 1961(a), "a prevailing plaintiff in federal court is automatically entitled to postjudgment interest. . . . It is simply unnecessary for the court to refer to statutorily provided interest." *Miller v. Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir. 1998). Martinez shall have postjudgment interest according to the statute's terms.

IV. Conclusion

Martinez's Motion for Default Judgment, (ECF No. 10), is **granted.** Final Judgment under Rule 58 shall be entered separately.

There are no remaining claims in this case; the accompanying judgment is final and appealable; **this case is closed.**

**SO ORDERED.**

Date: 10/13/2022

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution by CM/ECF to registered counsel of record.

Distribution by U.S. Mail to:

    Nationwide Capital Services, LLC
    c/o Registered Agent Solutions, Inc.
    2285 South Michigan Road
    Eaton Rapids, MI 48827

    Nationwide Capital Services, LLC
    4300 East Sunset Road
    Suite D1
    Henderson, NV 89014